UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMAL SNEED,<br><br>                  Plaintiff,<br><br>v.<br><br>J. TAYLOR, et al.,<br><br>                  Defendants. | Case No. 2:21-cv-00844-GMN-DJA<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

Before the Court is Plaintiff Jamal Sneed's application to proceed *in forma pauperis* (ECF No. 1) to which he attaches a civil rights complaint for violations of his Fourth and Fourteenth Amendment Rights under 42 U.S.C. § 1983 (ECF No. 1-1). Plaintiff is a pretrial detainee at the Clark County Detention Center and challenges the legality of Defendants' searches and seizures conducted in an apartment and vehicle along with the veracity of the arrest report. Because the Court finds that Plaintiff has properly completed his application, it grants his petition to proceed *in forma pauperis*. However, because Plaintiff's criminal trial is ongoing, his complaint asks the Court to interfere with pending state court criminal proceedings. Because this Court cannot interfere with pending state court criminal proceedings under the *Younger* abstention doctrine, it recommends that Plaintiff's complaint be dismissed without prejudice.

**I.      Discussion.**

      ***A.      The Court grants Plaintiff's* in forma pauperis *application.***

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Plaintiff is currently detained, and the financial certificate submitted along with his application indicates that his inmate account has a current balance of $5.02, an average monthly balance of $74.09, and average monthly deposit of $285.33. (ECF No. 1). Based on the financial information provided, the Court finds that Plaintiff is unable to pay an initial partial filing fee. The Court grants his application to proceed *in forma pauperis*.

### ***B.***     ***The Court recommends dismissal of Plaintiff's complaint without prejudice.***

The Court recommends dismissal Plaintiff's complaint under the *Younger* abstention doctrine for seeking to interfere with his pending state criminal proceedings. Upon granting an application to proceed *in forma pauperis*, courts screen the complaint under § 1915(e). Federal courts have the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the court should give the plaintiff leave to amend the complaint along with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Under the *Younger* abstention doctrine, a federal court may not interfere with pending state criminal proceedings absent extraordinary circumstances, even if the civil litigant seeks damages for violations of his constitutional rights. *See Younger v. Harris*, 401 U.S. 37, 43 (1971); *see Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). To determine whether it should refrain from interfering with a state proceeding, a federal court must consider three factors. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). First, whether the state proceeding is ongoing. *See id.*; *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution"). Second, whether the state proceeding implicates an important state interest. *See Middlesex*, 457 U.S. at 432; *see Potrero Hills Landfill, Inc. v. Cty. of Solano*, 657 F.3d 876, 883 (9th Cir. 2011) ("Where the state is in an enforcement posture in the state proceedings, the 'important state interest' requirement is easily satisfied, as the state's vital interest in carrying out its executive functions is presumptively at stake"). And third, whether there is an adequate opportunity in the state proceeding to raise constitutional challenges. *See Middlesex*, 457 U.S. at 432; *see Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"). If the federal court affirmatively answers these three questions, then it must refrain from interfering with the state proceeding. *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004).

Here, the Court recommends dismissal of Plaintiff's claims because he is requesting the Court to interfere with pending state criminal proceedings. The Court cannot reach screening the complaint before considering the three factors under the *Younger* abstention doctrine. First, Plaintiff's state court criminal proceeding is ongoing, and his date is currently scheduled for September 20, 2021. Second, Plaintiff's state criminal proceeding involves important state interests because the state is in an enforcement posture. Third, Plaintiff has an adequate opportunity in his state criminal proceedings to raise his constitutional challenge of the Defendants' allegedly illegal searches and seizures. Plaintiff may seek relief in his current proceedings, and, if necessary, seek relief from Nevada's appellate courts. The Court finds it must refrain from interfering with the Plaintiff's ongoing state criminal proceeding and does not reach the other deficiencies in Plaintiff's complaint. The Court recommends dismissing Plaintiff's claims without prejudice.

## ORDER

**IT IS ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted. Plaintiff shall not be required to pre-pay the filing fee of four hundred and two dollars ($402.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk's Office shall FILE Plaintiff's complaint (ECF No. 1-1) on the docket.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Plaintiff's complaint be dismissed with leave to amend.

**IT IS FURTHER RECOMMENDED** that if Plaintiff wishes to continue with this case after the disposition of the criminal charges against him, he must file a request that the case be re-opened within 60 days of the final disposition of the criminal charges, including all appeals.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: June 24, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE